OPINION
{¶ 1} On April 3, 2000, appellant, Kenneth Blanchard, sustained injuries when the motorcycle he was riding was struck by Linda Miller. At the time of the accident, appellant was insured under a homeowners policy issued by appellee, State Farm Insurance Company.
 {¶ 2} On August 30, 2001, appellant, together with his wife, Nancy Blanchard, filed a declaratory judgment complaint against appellee seeking underinsured motorist benefits under their homeowners policy. Both parties filed motions for summary judgment. By judgment entry filed March 28, 2002, the trial court found appellants were not entitled to coverage under the policy.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE STATE FARM INSURANCE COMPANY ON THE ISSUE OF WHETHER APPELLANTS' HOMEOWNERS INSURANCE POLICY PROVIDES UNDERINSURED MOTORIST COVERAGE BY OPERATION OF LAW."
II
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF WHETHER APPELLANTS' HOMEOWNERS INSURANCE POLICY PROVIDES UNDERINSURED MOTORIST COVERAGE BY OPERATION OF LAW."
 I, II {¶ 6} Appellants claim the trial court erred in finding no coverage under their homeowners policy. We disagree.
 {¶ 7} In its judgment entry filed March 28, 2002, the trial court found "the Policy does not meet the definition of `automobile liability or motor vehicle liability policy of insurance' as defined in R.C.3937.18.***As the Policy does not meet the definition set forth in R.C.3937.18(L), it is not subject to the mandatory offering requirements of R.C. 3937.18(A)." (Citations omitted.)
 {¶ 8} Appellants argue the "`residence employee' exception to the general exclusion of liability and bodily injury coverage arising out of a motor vehicle owned or used by an insured transforms the policy into a motor vehicle policy" and as such, appellee was required to offer uninsured/underinsured motorist coverage pursuant to R.C. 3937.18. See, Appellants' Brief at 5. Because appellee failed to offer said coverage, the coverage exists by operation of law.
 {¶ 9} As appellants note in their brief at 9, this court has steadfastly rejected the argument that "residence employee" exceptions in homeowners policies render the policies "automobile liability or motor vehicle liability" policies of insurance. See, Vohsing v. Auto-OwnersInsurance Co., Licking App. No. 01-CA-56, 2002-Ohio-250; Mattox v.Allstate Insurance Co., Stark App. No. 2001CA218, 2002-Ohio-1453; Henryv. Nationwide Mutual Fire Insurance Co., Muskingum App. No. CT2001-0014, 2001-Ohio-1427; Jones v. Nationwide Insurance Company (July 23, 2001), Stark App. No. 2000CA00329. We find no reason to deviate from these holdings.
 {¶ 10} Assignments of Error I and II are denied.
 {¶ 11} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
topic: residence employee exception